INHABITANTS OF IPSWICH *vs.* INHABITANTS OF TOPSFIELD.

Under *St.* 1821, *c.* 94, § 2, and Rev. Sts. *c.* 45, § 1, which provide that a citizen, "hav-
ing an estate of inheritance or freehold, in any town, and living on the same three
years successively, shall gain a settlement in such town," he does not gain a set-
tlement by thus living on an estate, which he has in remainder, as tenant of the
owner of the preceding estate of freehold. The statutes refer to such an estate as
the party has a right to occupy, and not to an estate in expectancy, where there
is a preceding estate of freehold in another.

ASSUMPSIT to recover expenses incurred by the plaintiffs in
supporting a minor child of Stephen Perkins, as a pauper,
whose settlement was alleged to be in Topsfield.

It was agreed by the parties, that the plaintiffs were entitled
to recover, unless said Stephen, the pauper's father, had a set-
tlement in Ipswich. The question of his settlement was sub-
mitted to the court on the following facts : Thomas Meady,
by his last will, which was proved and allowed in May 1809,
devised all his real estate to his wife, to hold during her widow-
hood, on condition that she should support his two youngest
sons, John and William, until they should be able to provide
for themselves. He also devised all his real estate to his said
two sons, their heirs and assigns forever, to be equally divided
between them ; they to come into possession of the same at the
marriage or decease of their mother, whichever should first
happen.

The said John and William Meady remained with their moth-
er, and were supported by her, during their minority ; and on
coming of age, they removed from her. The real estate devised
as aforesaid, was situate in Ipswich, and consisted of a house and
about three fourths of an acre of upland, a lot of marsh land, and
a pew in the south meetinghouse. The testator's widow died
unmarried, in the year 1841. On the 4th of December 1835,
the said William Meady, by deed of quitclaim, conveyed to
said Stephen Perkins one undivided half of the aforesaid real
estate, subject to the right of said widow "to improve and oc-
cupy the same during her natural life or widowhood."

At the time when this deed was given, said Perkins was n

the occupation of a part of said real estate, as tenant of the widow, and continued so to occupy for more than three years afterwards, viz. until March 1839, under an agreement to pay rent. Before the year 1835, the widow bought a small shop and caused it to be placed on the devised land, near the house ; and in December 1838, she sold it to said Perkins, who occupied it, with the rest of the premises, a few weeks, when it was attached, with all his interest in the premises, and was applied to the payment of his debts. But he never resided nor slept in the shop.

Since the year 1839, all said real estate was occupied by tenants, who paid rent for the whole to the widow or her administrator, up to the time of her decease.

*N. J. Lord*, for the plaintiffs.

*Perkins*, for the defendants.

WILDE, J.*    Upon the facts agreed, the only question is, whether Stephen Perkins, the father of the pauper, has gained a settlement in Ipswich, under *St.* 1821, *c.* 92, § 2, which provided that any citizen, twenty one years old, " having an estate of inheritance or freehold, in any town, and living on the same three years successively, shall thereby gain a settlement in such town." And we are of opinion that he has not. In order to gain a settlement by this mode, it must appear that the party resided on an estate in which he had a vested inheritance, or freehold in possession. An estate in remainder — and Perkins had no other estate of inheritance or freehold — is not sufficient to confer a setttlement. This is the established principle of settlement law in England, and we think it has been established on the true construction of the English statute. *The King* v. *Eatington*, 4 T. R. 177. *The King* v. *Willoughby-with-Sloothby*, 10 Barn. & Cres. 62. And the same construction is to be given to *St.* 1821, *c.* 94, § 2, and Rev. Sts. *c.* 45, § 1, clause 1th. These statutes refer to such an estate as the party has a

---

* This and the six following cases were argued at Boston, before all the judges, in January 1843.

right to occupy, and not to an estate in expectancy, where there is a preceding estate of freehold in some other person.

*Defendants defaulted*